HUTCHINGS v. GEISTERT.

1. ACCOUNTING—FINDING OF TRIAL COURT—EVIDENCE.

In suit for accounting of a personal account claimed not to be a current account, findings of the trial court that individual defendant was obligated to plaintiff on each of four different accounts *held*, sustained by the testimony.

2. BILLS AND NOTES—ACCOUNTING—ACCOUNT CURRENT—INDORSEMENT OF CREDIT.

Promissory note was improperly regarded as outlawed in suit for accounting, brought by maker against payee and another, where status of other dealings before it became outlawed was such that a suit in chancery on a mutual account current was maintainable.

3. LIMITATION OF ACTIONS—BILLS AND NOTES—EQUITY—MUTUAL ACCOUNT CURRENT.

In equity a promissory note does not become outlawed during the period covered by a mutual account current since he who seeks equity must do equity.

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—INJUNCTION.

Where defendant's objection to injunctive relief granted by trial court was not set forth in the statement of questions involved, such objection is disregarded without approving the general adoption of procedure involving injunctive relief claimed to be more severe than garnishment.

5. COSTS—ACCOUNTING—PARTY PREVAILING IN PART.

Costs are allowed defendant who has prevailed in part on his appeal in suit for accounting.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted October 10, 1944. (Docket No. 43, Calendar No. 42,615.) Decided April 9, 1945.

Bill by Paul M. Hutchings against Lewis A. Geistert and Industrial Service Company for an accounting and an injunction to prevent defendant Geistert from collecting and defendant Industrial Service Company from paying any money due from it to defendant Geistert. Cross bill by defendant Geistert against plaintiff for accounting. Decree for plaintiff. Defendant appeals. Modified and affirmed.

*Louis H. Grettenberger,* for plaintiff.

*John M. Dunham,* for defendant.

REID, J. This bill was filed for a determination of the status of a personal account, claimed by plaintiff to be not a current account, between plaintiff and defendant Geistert. It contains a prayer for an accounting as to Geistert and for an injunction forbidding Geistert to collect and defendant Industrial Service Company to pay to defendant Geistert any moneys due from it to Geistert, who is conceded to be insolvent. Defendant Geistert claims the account is a mutual account current.

Defendant Geistert claims a credit for a note, exhibit 34, which is as follows:

"$750          Detroit, Mich., April 18, 1928
Within five years after date we promise to pay to Lewis A. Geistert or order Seven Hundred Fifty & 00/100 Dollars at Grand Rapids Savings Bank. Value received
No. ............          Due ............
                         GEO. H. ZUVER.
                         PAUL M. HUTCHINGS."

Plaintiff claims this note, hereinafter called the Zuver note, became outlawed April 18, 1939, since which date plaintiff claims his items of credit oc-

curred as against defendant Geistert, hereinafter called the defendant, consisting of four groups as follows:

(a) Items of personal loans or cash payments and loans to carry on the Bumper company litigation.

(b) Items of a stock deal and corporate organization referred to in the testimony as Pure-Kote transactions.

(c) Items referred to as Coledrinx transactions.

(d) Items owed to Lee H. Bierce and assigned by Bierce to plaintiff.

Plaintiff claims in his bill that after deducting payments and allowing credits to defendant, the balance on items (a), (b) and (c) is $4,326.65 plus interest, and that the net amount due plaintiff on item (d) is $4,114.14 plus interest.

Defendant claims credits due him on account of loans for plaintiff's prosecution of the so-called Bumper company litigation which was before this Court in *Hutchings* v. *Takens*, 287 Mich. 96, and *Hutchings* v. *Securities Exchange Corp.*, 287 Mich. 701; and defendant further claims his share of profits in said matter.

Defendant also claims a credit as of October 1, 1944 of $1,359.68, including interest, on the Zuver note, which note the trial court disallowed as outlawed; and defendant further claims a credit due in the Coledrinx transactions and claims in his brief the decree should award him $4,271.26.

The trial judge in his decree found a balance owed plaintiff by defendant for certain loans and advancements (a) a net total of $88.99; further found for the plaintiff on account of the Pure-Kote transactions (b) as damages for fraud a net total of

$896.53, including interest to date of decree; further for the plaintiff on account of the so-called Coledrinx matters (c) a total of $1,573.55; and in favor of plaintiff as assignee of Bierce (d) a net total of $4,268.89; and further decreed an injunction against collection by defendant Geistert or payment by the defendant company to defendant Geistert of the moneys, commissions, claims and demands in the hands of the defendant company owed to defendant Geistert.

Defendant Geistert in his appeal complains of the injunction as inequitable and more severe than a writ of garnishment.

A careful reading of the testimony and consideration of the briefs and arguments convinces us of the correctness in general of the trial court's finding of facts as expressed in the decree.

However, it becomes necessary to consider further the status of the so-called Zuver note, exhibit 34, and to examine the question as to the inclusion of this note as an item in the account. Plaintiff claims that the note became outlawed on April 18, 1939, before which date the first item in the accounting between these parties, other than the note, was dated November 6, 1935, and concerned a trust assignment of products of an oil well. Plaintiff concedes defendant a credit of $400 on that item. Further, on April 7, 1936, a line of credit of $1,500 was granted to plaintiff by defendant for expense money in carrying on the so-called Bumper company litigation, which matter carried with it the possibility of certain profits of which defendant might receive a share if plaintiff made such profits over and above the $1,500 of expense money. Plaintiff concedes the credit for that $1,500 in this accounting, but denies receiving any profits. On April 1, 1939, Hutchings subscribed to the Pure-Kote Corporation stock and

for his later payment of $750 on that account he now claims credit in this accounting. The record does not disclose any agreement between plaintiff and defendant that exhibit 34 was to be treated as part of an account current between them.

Defendant testified that from the time of the making of exhibit 34 plaintiff and defendant had a continuous exchange of business and dealings in which plaintiff bought of defendant while the latter was in the securities business and traded with him to some extent, and that there were times when Geistert obtained money from Hutchings and many times when Hutchings obtained money from Geistert and that they never came to a settlement of this account but that they talked it over during 3 or 4 years. This testimony was not denied by Hutchings, who testified on cross examination:

"I have had a very limited number of transactions between ourselves and with his former company. * * * In the past I have had some dealings with his investment houses, and he and I had personal dealings from time to time. Because of our past relations there came a time when I went to him to get some money to help finance the bumper litigation."

The status between plaintiff and defendant thus was very clearly of such a nature before the Zuver note would become outlawed that a suit for accounting in chancery on a mutual account current was maintainable. The accounting in this case embraces items preceding the expiration of the six-year period.

We should consider the case of *Kimball* v. *Kimball*, 16 Mich. 211. This was an appeal from allowance by commissioner in probate court of claims against the estate of the decedent who died in 1863. The claim seems to have been presented in a form

indicative of a mutual account current and the third receipt spoken of on page 219 seems to have been dated August 13, 1849, which was therefore 14 years before the death of the deceased. Justice COOLEY in his opinion, which was concurred in by the Court, commented upon a definition of mutual account current, the existence of which had been submitted as a question of fact for the jury, and said on page 219:

"A third receipt signed by the deceased, and bear-. ing the same date, was for $62 in money, to be accounted for with interest on demand, and for a chaise and other personal property, to be sold and accounted for. In regard to the money, this receipt must stand on the same footing as a note payable on demand, and was properly held to be barred by the statute."

It is fairly to be inferred that in that case the note had become outlawed by the statute of limitations some years before the period for which the account was a mutual account current. In the instant case the note did not become outlawed by the statute before the inception of the period for which this accounting is being heard. In equity a promissory note does not become outlawed during the period covered by a mutual account current, which proposition we consider to be in full accord with the maxim, "He who seeks equity must do equity." We say this because there was a definite portion of the period covered by the accounting in which defendant could have set off the Zuver note against items entering into the accounting.

In other respects we affirm the finding by the trial judge, who allowed $6,827.96 as the total due plaintiff. We deduct from that total the amount of the Zuver note with interest, $1,359.68, and we award plaintiff a decree for the balance, $5,468.28.

Defendant Geistert's objection to the injunctive

relief granted by the trial court was not set forth in the questions involved and we therefore disregard the objection, without approving the general adoption of the procedure involving such injunctive relief.

A decree will be entered by this Court affirming the decree appealed from, modified to accord with this opinion. Costs of this Court are allowed to defendant Geistert, he having prevailed in part.

STARR, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and BOYLES, JJ., concurred.